# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1734V
UNPUBLISHED

| | |
|---|---|
| STEPHANIE BANKS and BRADLEY BANKS, on behalf of B.B., a minor child,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Rotavirus Vaccine; Intussusception |

*Danielle Strait*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 2, 2020, Stephanie Banks and Bradley Banks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their minor child, B.B. Petitioners allege that B.B. suffered intussusception, which meets the Table definition, after receiving a second rotavirus vaccine on July 10, 2019. Petition at ¶¶ 5, 36. In the alternative, they allege that the vaccine caused B.B.'s intussusception. *Id.* at ¶¶ 36, 38. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 10, 2021, a ruling on entitlement was issued, finding Petitioners entitled to compensation for B.B.'s intussusception. On December 8, 2022, Respondent filed a

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $1,398.56 for past unreimbursable expenses as well as $60,000.00, for actual pain and suffering, to purchase an annuity contract pursuant to the terms set forth in the Proffer. Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

A. **A lump sum payment of $1,398.56 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners.**

B. **An amount not to exceed $60,000.00, representing compensation for actual pain and suffering, to purchase an annuity contract paid to the life insurance company (the "Life Insurance Company") from which the annuity will be purchased. The Life Insurance Company will agree to make a lump sum payment to B.B. for all elements of compensation which B.B. would be entitled under Section 15(a) as follows:**

   1. **A certain lump sum of $102,065.12 payable on March 7, 2037.**

**The purchase price of the annuity shall neither be greater nor less than $60,000.00. In the event that the cost of the certain lump sum payment varies from $60,000.00, the lump sum payment shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $60,000.00. Should B.B. predecease the payment of the certain lump sum payment, said payment shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.B's death.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEPHANIE BANKS and BRADLEY BANKS, on behalf of B.B., a minor child, ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) ) | No. 20-1734V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Procedural History**

On December 2, 2020, Stephanie Banks and Bradley Banks ("petitioners") filed a petition for compensation ("Petition"), on behalf of their minor child, B.B., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that as a result of receiving a rotavirus vaccination on July 10, 2019, B.B. suffered from recurrent intussusception. *See* Petition at 6. On May 10, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 17. Thereafter, on May 10, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that petitioners were entitled to vaccine compensation for B.B.'s intussusception and resulting sequelae. ECF No. 18.

**II.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and a future annuity payment as described below,

1

and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners documents that they incurred past unreimbursable expenses related to B.B.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,398.56, in the form of a check payable to petitioners. Petitioners agree.

    B.    <u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $60,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide a lump sum annuity payment to B.B. as set forth below:

A certain lump sum of $102,065.12 payable on March 7, 2037.

---

[1] Should B.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $60,000.00.  In the event that the cost of the certain lump sum payment set forth above varies from $60,000.00, the lump sum payment shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $60,000.00.  Should B.B. predecease the payment of certain lump sum payment set forth above, said payment shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.B.'s death.

These amounts represent all elements of compensation to which B.B. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.[5]

**III.     Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursable Expenses:                                                       **$1,398.56**

    B.    An amount of $60,000.00 to purchase the annuity contract described above in section II. B.

---

[5] At the time payment is received, B.B. will be an adult, and thus guardianship is not required.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/*Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4264
Email: meghan.r.murphy@usdoj.gov

DATED:  December 8, 2022